

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2008

# Ferrone v. Onorato

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ferrone v. Onorato" (2008). *2008 Decisions.* Paper 292.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/292

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1480
_____

ROCK FERRONE;
ROCK AIRPORT OF PITTSBURGH, L.L.C.,

Appellants

v.

DAN ONORATO, individually and officially; DENNIS DAVIN, individually and
officially; MAURICE STRUL, individually and officially; COUNTY OF ALLEGHENY;
REDEVELOPMENT AUTHORITY OF ALLEGHENY COUNTY; BRIAN D. CLARK;
BRIAN D. CLARK AND ASSOCIATES; MICHAEL YABLONSKI; KEVIN
MCKEEGAN; MEYER, UNKOVIC & SCOTT, L.L.P.; ALFRED A. KUEHN;
MANAGEMENT SCIENCE ASSOCIATES, INC.; SKY BANK; EUGENE
ZAMBRANO, III; ZAMBRANO CORPORATION,

Appellees

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cv-00484)

Chief District Judge: Honorable Donetta W. Ambrose
Magistrate Judges: Honorable Ila Jean Sensinich; Honorable Francis X. Caiazza
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 12, 2008
_____

Before: SLOVITER, FUENTES and ALDISERT, <u>Circuit Judges</u>
(Filed: October 31, 2008 )
_____

ALDISERT, Circuit Judge.

Appellants Rock Ferrone and Rock Airport of Pittsburgh, L.L.C. ("RAP") appeal from dismissal of their Amended and Second Amended complaints for failure to state a claim. We are satisfied that the District Court for the Western District of Pennsylvania did not err in accepting the respective reports and recommendations of the Magistrate Judges and in dismissing the underlying complaints pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The District Court correctly determined that Ferrone and RAP failed to show that RAP had a constitutionally protected property or possessory interest in the agreement or proceeds of an economic development loan administered by the Redevelopment Authority of Allegheny County ("RAAC"). As a result, Appellants lack any basis for asserting a cognizable Fourteenth Amendment procedural due process violation under 42 U.S.C. § 1983. We also decide that Appellant's Fourth Amendment, substantive due process and equal protection claims, while subject to appellate review regardless of whether Appellants objected to the Magistrate Judge's Report and Recommendation, are without merit. We will affirm the orders of the District Court dated June 29, 2006, and January 19, 2007.

Because we write only for the parties who are familiar with the facts and the

procedures in the District Court, we will truncate our discussion.[1]

## I.

Appellants' foremost position is that RAP was deprived of a property interest without due process of law when certain Appellees allegedly interfered with disbursement of loan proceeds to cover a line of credit for RAP in an unrelated lawsuit. Appellants base their entire position on appeal on the major premise that the discretionary disbursement of funds pursuant to the terms of a loan agreement between RAP and RAAC creates a protected right under the federal constitution. We cannot agree with this contention.

The parties to the loan agreement–RAP as borrower and RAAC as lender–contractually agreed to a process whereby RAP submitted requisitions to RAAC, RAAC considered the requisition, and RAAC had the discretion to grant or deny disbursement of funds.[2] RAP thus did not have a protected property interest in the loan

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's dismissal of a complaint under Rule 12(b)(6) is plenary. Stevenson v. Carroll, 495 F.3d 62, 65 (3d Cir. 2007).

[2] The loan documents provide that

> the Lender shall determine, in its sole but reasonable
> discretion, whether the requisition is . . . in the form required
> hereby [and that the request is] for reimbursement of costs
> and expenses identified in the Project Cost Schedule . . . . The
> Lender's review and approval of the requisitions is solely for
> the protection of the Lender's interests under this Agreement
> . . . . All conditions to the obligation of the Lender to approve
> requisitions hereunder are imposed solely and exclusively for
> the benefit of the Lender . . . and no other Person shall have

3

funds as a government benefit, because "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." <u>Town of Castle Rock v. Gonzales</u>, 545 U.S. 748, 756 (2005). Furthermore, rights arising under state contract, such as here, are not constitutionally protected except in two limited instances: (1) the contract confers a protected status; or (2) the agreement is terminable by the state actor only for cause. <u>Linan-Fay Constr. Co. v. Hous. Auth.</u>, 49 F.3d 915, 932 (3d Cir. 1995). Ferrone and RAP do not allege any facts, or make any arguments, to support the first exception. The second exception does not apply because, by the plain terms of the loan documents, the loan agreement was not terminable only for cause and in fact was expressly subject to the discretion of RAAC. Accordingly, the loan agreement does not convey a property interest protected by the Fourteenth Amendment.

Even if the loan agreement was terminable only for cause, the facts here would not implicate the Fourteenth Amendment because the denial of a single requisition is factually not a termination of the loan agreement and thus does not trigger the due process test of <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976). Finally, nothing supports Appellants'

---

> standing to require satisfaction of such conditions in accordance with their terms or be entitled to assume that the Lender will approve or not approve disbursements in the absence of strict compliance with any or all thereof, and no other Person shall, under any circumstances, be deemed to be a beneficiary of such conditions, any or all of which may be freely waived in whole or in part by the Lender at any time if, in its full discretion, it deems it advisable to do so

Loan Agreement, § 3.03.

attempt to characterize their interest in the loan as a "business asset" sufficient to support a constitutionally protected interest in loss of this "property," nor do any alleged damages suffered by RAP as to third-party contractual relationships, business pursuits or reputation constitute deprivation of property.

We have here not a matter of federal constitutional importance, but a commonplace breach of contract dispute clothed in federal question fleece. Because on the facts at hand RAP lacks any constitutionally protected property or possessory interest in the loan agreement or loan proceeds, no ground exists to support Appellants' claim of deprivation of due process.

## II.

Appellants timely filed their Objections to Magistrate Judge Sensinich's Report and Recommendations dated May 26, 2006. See 28 U.S.C. § 636(b)(1)(B); Rule 72(b)(2), Federal Rules of Civil Procedure; W.D. Pa. Loc. R. 72.1.4(B). In adopting the Report and Recommendations, however, Chief Judge Ambrose noted that the Objections failed to object to Magistrate Judge Sensinich's determinations on substantive due process and equal protection violations under the Fourteenth Amendment and that discretionary withholding of loan proceeds does not qualify as a Fourth Amendment seizure.

In this judicial circuit "the failure to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court–but not in the loss of the statutory right to appellate review" of questions of law. Henderson v. Carlson, 812 F.2d 874, 878-879 (3d Cir. 1987). Although the Supreme Court has authorized the Courts

5

of Appeals to promulgate appellate waiver rules, this Court has specifically declined to do so. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Henderson, 812 F.2d at 877-878.

We also note that the District Court conducted the de novo review of the record that would have been required had proper objections to the Report and Recommendations been made. See 28 U.S.C. § 636(b)(1)(C) (district court "shall make a de novo determination of those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made"). "[S]ince the district court conducted a de novo review even though no objection was made, appellate review would arguably be proper even if we were to adopt a waiver rule. In other words, when the district court elects to exercise its power to review a magistrate's report de novo, a party's previous failure to object becomes irrelevant." Henderson, 812 F.2d at 879 n.4.

Accordingly, any failure to object to the Magistrate Judge's Report and Recommendation does not preclude Appellants' remaining constitutional claims from appellate review. Our decision to affirm the dismissal of these claims pursuant to Rule 12(b)(6) is not thereby affected, however, because our own plenary review finds all Appellants' constitutional claims unsupportable.

* * * * *

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The orders of the District Court will be affirmed.